UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
HINDY HOCHHAUSER                                                     :
                                                                     :     **19-cv-2468 (ARR) (RML)**
                    Plaintiff,                                       :
                                                                     :     **OPINION & ORDER**
    -against-                                                        :
                                                                     :     **NOT FOR ELECTRONIC**
GROSSMAN & KARASZEWSKI, PLLC                                         :     **OR PRINT**
                                                                     :     **PUBLICATION**
                    Defendant.                                       :
                                                                     :
-------------------------------------------------------------------- :
                                                                     X

ROSS, United States District Judge:

Plaintiff Hindy Hochhauser, individually and on behalf of all others similarly situated, bring this action against Grossman & Karaszewski, PLLC. Houchhauser alleges that Grossman and Karaszewski sent her a debt collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The parties now bring cross-motions for summary judgment.

Plaintiff challenges the debt collection letter on three grounds: first, that the format of the letter overshadows the statutorily required validation notice; second, the letter is intimidating because it implies that the debt collector is suing the debtor; and third, the letter misleads the consumer into believing that an attorney was personally involved in a review of her debt. I grant summary judgment for defendant on the first two claims, and deny summary judgment to both parties on the third claim for the reasons described below.

## BACKGROUND

On May 2, 2018, Grossman & Karaszewski sent a letter to Hochhauser seeking to collect a debt of $3,002.31. Letter, Compl. Ex. 1 at 1, ECF No. 1-1. The letter states that the original

creditor was Citibank N.A., that the debt has been sold to JH Portfolio Debt Equities, LLC, and that Grossman & Karaszewski was hired to collect the debt. *Id.*

Defendant's name, address, telephone number, and fax number appear in the upper left-hand corner of the front page of the letter. *Id.* In the upper right-hand corner, there is a series of names of attorneys and additional contact information. *Id.* Below that, the letter provides a list of information relating to the alleged debt, including the customer name, the current creditor and account number, the original creditor and account number, the amount due, the amount of interest and fees, the amount paid so far and the date of last payment, and the current balance. *Id.*

The body of the letter reads as follows:

> Your account has been sold and assigned to our client, JH PORFOLIO DEBT EQUITIES, LLC. This office has been hired to collect the above referenced balance that you owe our client. In making this demand, we are relying entirely on information provided by our client.
>
> Unless within thirty days after your receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you have any questions or would like to make payment arrangements on the account, please call John Licata toll-free at 1-866-766-1609.
>
> Very truly yours,
>
> Grossman & Karaszewski, PLLC

*Id.* The second paragraph is a notice that the FDCPA requires debt collectors to include in collection letters ("the validation notice"). *See* 15 U.S.C. § 1692g(a).

At the bottom of the letter, the following information is provided in all caps:

IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ALL CALLS TO AND FROM GROSSMAN & KARASZWESKI, PLLC MAY BE MONTIROED AND/OR RECORDED FOR COMPLIANCE PURPOSES.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER: 2045355-DCA.

*Id.* The reverse side of the letter includes additional legal notices advising the consumer of other rights under the FDCPA. *Id.*

## LEGAL STANDARD

### I. Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "can affect the outcome under the applicable substantive law[.]" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). A genuine dispute is one that can "reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In performing this analysis, I must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "If, in this generous light, a material issue is found to exist, summary judgment is improper, and the case must proceed to trial." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985), *superseded on other grounds by rule*, Fed. R. Civ. P. 11, *as recognized in Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)).

The moving party may demonstrate that there is no genuine dispute "by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223–24 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If this burden is met, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998). "Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact." *Bacchus Assocs. v. Hartford Fire Ins. Co.*, 766 F. Supp. 104, 108 (S.D.N.Y. 1991). "The nonmoving party cannot defeat summary judgment by 'simply show[ing] that there is some metaphysical doubt as to the material facts,' or by a factual argument based on 'conjecture or surmise.'" *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (alteration in original) (first quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), then quoting *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991)). If "no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment must be granted." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

## II.     The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer'" ("LSC"). *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19

(2d Cir. 1993)). The LSC standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319; *see also Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citing *Russell*, 74 F.3d at 34). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

### III. Validation Notice

#### A. Section 1692g

Section 1692g of the FDCPA requires a debt collector to provide a validation notice to a debtor—that is, to communicate certain information to a debtor when attempting to collect a debt. *See* 15 U.S.C. § 1692g; *Vetrano v. CBE Grp., Inc.*, No. CV 15-3185 (JS) (AKT), 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). The purpose of the validation notice is to protect consumers from "debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid" by "inform[ing consumers that they have] certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt."

5

*Lotito v. Recovery Assocs. Inc.*, No. 13–CV–5833 (SJF)(AKT), 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014) (internal quotations omitted) (quoting *Ellis*, 591 F.3d at 134 and *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 309 (2d Cir. 2003)). Specifically, the validation notice must include:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g; *Vetrano*, 2016 WL 4083384, at *5. Not only must the debt collector convey the information in § 1692g to the debtor, but also he must convey it clearly. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Russell*, 74 F.3d at 35). A validation notice is not legally sufficient "if that notice is overshadowed or contradicted by other language in communications to the debtor." *Id.* (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). "A notice overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" *Id.* (quoting *Russell*, 74 F.3d at 35); *see also Vetrano*, 2016 WL 4083384, at *5 (quoting *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). The FDCPA itself codifies this prohibition against "overshadowing": "[a]ny collection activities and communication during the

30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Belichenko v. Gem Recovery Sys.*, No. 17-CV-01731 (ERK) (ST), 2017 WL 6558499, at *6 (E.D.N.Y. Dec. 22, 2017) (quoting § 1692g(b)).

### B. Section 1692e

Generally, § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Russell*, 74 F.3d at 34; *Belichenko*, 2017 WL 6558499, at *5. "Section 1692e contains sixteen subsections, which 'set forth a non-exhaustive list of practices that fall within this ban.'" *Belichenko*, 2017 WL 6558499, at *5 (quoting *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016)). One of these subsections, § 1692e(10), is a "catch-all provision" barring "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (quoting § 1692e(10)); *see also Belichenko*, 2017 WL 6558499, at *5.

"For the purposes of § 1692e, 'a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Belichenko*, 2017 WL 6558499, at *6 (quoting *Russell*, 74 F.3d at 35); *see also Clomon*, 988 F.2d at 1319. "The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act." *Russell*, 74 F.3d at 35. "Significantly, courts in this Circuit have held that 'the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g.'" *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. Aug. 5, 2015) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006)); *see also Tipping-Lipshie v. Riddle*, No. CV 99–4646, 2000 WL 33963916, at *4 (E.D.N.Y. Mar. 2, 2000)

7

(citing *Vera v. Trans-Cont'l Credit and Collection Corp.*, No. 98 CIV. 1866(DC), 1999 WL 163162, at *3–4 (S.D.N.Y. Mar. 24, 1999) for the proposition that a misleading validation notice violates both sections 1692g and 1692e(10)).

## DISCUSSION

### I. Format Overshadowing Validation Notice

Plaintiff contends that defendant's collection letter is defective because the format of the letter overshadows the validation notice, in violation of § 1692g and § 1692e. Compl. ¶¶ 35–69. Plaintiff alleges that the validation notice is overshadowed because of several features of the format of the letter, including: (1) "The required validation notice is contained in running text in the body of the Letter in the same font size and color as the rest of the body of the Letter," *id.* ¶ 47; (2) the letter directs the consumer to see the reverse side of the letter for an important information, but the reverse side contains other legal notices and not the validation notice, *id.* ¶¶ 48–49; and (3) "The Letter contains no visually conspicuous transitory language, such as 'See Important Notice Below,' directing Plaintiff's attention to the required validation notice," *id.* ¶ 52.

With respect to the issue of whether the validation notice is overshadowed, the letter in this case is virtually identical to the letters I considered in two recent cases: *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-cv-5814 (ARR) (RML), 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) and *Park v. Forster & Garbus, LLP*, No. 19-cv-3621 (ARR) (ST), 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019). I reject this claim again, for the same reasons that I did in those two cases.

Specifically, there is no affirmative misdirection in the collection letter here. The validation notice appears in the second paragraph of the body of the letter. Further down the front page, the letter states "IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE[.]" A

series of other legally mandated notices appear on the reverse side of the letter. None of the disclosures on the reverse side in any way contradict the enumerated validation rights.

This letter actually emphasizes that the information on the front of the letter is important, and that the important information is *continued* on the reverse side of the letter. A consumer might neglect to look at the reverse side of a letter. A reminder to look at the reverse side does not suggest that the consumer should ignore the front page of the letter. The LSC is charged with reading the entire collection letter and interpreting the various statements in conjunction with each other. *See McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).

Plaintiff's first cause of action is insufficient as a matter of law, and thus I grant summary judgment to the defendant on this claim.

## II. Suggestion of a Lawsuit Overshadowing Validation Notice

Plaintiff's second cause of action alleges a violation of 15 U.S.C. § 1692g because the fact that the letter is from a law firm would lead the LSC to believe she was being sued or will be sued. Compl. ¶¶ 70–112. This would overshadow the validation notice because the LSC may be discouraged from exercising her validation rights. *Id.* ¶¶ 100–12. Again, I recently addressed a similar claim in *Park*, and the same analysis applies to this case, resulting in summary judgment for the defendant. 2019 WL 5895703, at *8.

Like the letter in this case, the letter in *Park* was on a law firm's letterhead. *Id.* at *2. A debt collection letter on a law firm's letterhead does not inherently overshadow the validation notice. *See id.* at *8. The letter in *Park* directly referenced the possibility of a lawsuit by stating, "At this time, no determination has been made as to whether a lawsuit will be commenced." *Id.* That statement did not create a false sense of urgency or otherwise discourage the LSC from exercising her validation rights. *Id.*; *see also Delfonce v. Eltman Law, P.C.*, No. 16 Civ. 6627

9

(AMD) (LB), 2017 WL 639249, at *1–4 (E.D.N.Y. Feb. 16, 2017), *aff'd*, 712 F. App'x 17 (2d Cir. 2017); *Lerner v. Forster*, 240 F. Supp. 2d 233, 239 (E.D.N.Y. 2003) (quoting *Shapiro v. Riddle & Assocs., P.C.*, 240 F. Supp. 2d 287, 291 (S.D.N.Y. 2003)). The letter in this case does not even reference the possibility of a lawsuit. The validation notice expressly lays out the LSC's rights, and the fact that the debt collector is a law firm does not contradict the validation notice.

### III. Meaningful Attorney Involvement

Plaintiff's third cause of action alleges that the because the letter is from a law firm, the LSC would be misled into assuming that an attorney had been meaningfully involved in review of the account, in violation of the FDCPA. Compl. ¶¶ 113–50; *see also* 15 U.S.C. § 1692e(3) (specifically outlawing the "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney[]"). "[S]ome degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.1993)). "[A] letter sent on law firm letterhead, *standing alone*, does represent a level of attorney involvement to the debtor receiving the letter." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005).

The parties do not dispute that Grossman & Karaszewski is a law firm and that the debt collection letter was printed on its letterhead. Thus, there is one remaining question of fact here: was an attorney meaningfully involved in review of the account?

The only purported evidence defendant proffers is that some months after the date on the collection letter, the defendant commenced a lawsuit on behalf of its client against the plaintiff. *See* Def.'s Mot. for Summ. J. 10–11, ECF No. 25 ("Def.'s Mot."). But that lawsuit has no bearing on the question of whether there was attorney involvement at the time the letter was sent. *See*

*Miller*, 321 F.3d at 298, 311 (vacating and remanding a grant of summary judgment for defendant law firm where defendant commenced a lawsuit against plaintiff after the collection letter was sent). Defendant argues that its lack of evidence should not prevent summary judgment in its favor because plaintiff similarly lacks evidence, and the plaintiff bears the burden of proving her case. Def.'s Mot. 10–11.

However, plaintiff has provided evidence. The letter itself implies that a lawyer was not involved in review of the account. *See* Pl.'s Mem. of Law in Supp. of Cross-Mot. for Summ. J. 9–11. Specifically, the letter states "In making this demand, we are relying entirely on information provided by our client." This language suggests that the defendant sent the plaintiff this letter based solely on information provided by the creditor, without any attorney review.[1] It implies that no attorney had "formed an opinion about how to manage the case of the debtor to whom the letter was sent." *Miller*, 321 F.3d at 301 (quoting *Clomon*, 988 F.2d at 1321).

Plaintiff has provided evidence which suggests a lack of meaningful attorney involvement but does not conclusively prove it. Defendant has not produced a scintilla of evidence that there was meaningful attorney involvement. This a question of fact that the parties should be able to build a record on through additional discovery. Given the paucity of evidence at this time, both motions for summary judgment are denied as to this claim.

## CONCLUSION

For these reasons, I grant defendant's motion for summary judgment on the first two causes of action. I deny summary judgment to both parties on the third cause of action. The parties are advised to conduct additional discovery on the question of meaningful attorney involvement.

---

[1] While this language strongly implies a lack of attorney review, it does not state it so clearly as to constitute a disclaimer informing the least sophisticated consumer that there was no meaningful attorney involvement. *See Greco*, 412 F.3d at 361, 364–65 ("At this time, no attorney with this firm has personally reviewed the particular circumstances of your account[]" was a sufficiently clear disclaimer).

SO ORDERED.

                                                                            /s/
                                                                    Allyne R. Ross
                                                                    United States District Judge

Dated:    April 28, 2020
             Brooklyn, New York