UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HINDY HOCHHAUSER, *individually and on behalf of others similarly situated*,

                            Plaintiff,

              -against-

GROSSMAN & KARASZEWSKI, PLLC,

                            Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 2468 (ARR) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      This case has a long and winding history, familiarity with which is presumed. In brief, plaintiff brought this action to challenge a debt collection letter, in violation of 15 U.S.C. § 1692, et seq. Currently before this Court are plaintiff's letter motion seeking entry of default and a letter motion filed by defendant's former principals, seeking to have the court dismiss the action. For the reasons set forth below, it is respectfully recommended that the motion to dismiss be denied and that a default enter against defendant for its failure to respond to the Court's Order to obtain counsel and continued failure to defend this action.

BACKGROUND

      In the Complaint, plaintiff raised three claims: 1) the format of the collection letter received by plaintiff overshadows the statutorily required validation notice; 2) the letter is intimidating because it implies that the debt collector is suing the debtor; and 3) the letter misleads the consumer into believing that an attorney was personally involved in a review of her debt. On February 27, 2020, the parties filed competing motions for summary judgment with respect to these claims. On April 28, 2020, the district court granted summary judgment for

1

defendant,[1] dismissing the first two claims, but denied summary judgment on the third claim. The district judge directed the parties to conduct additional discovery on the question of meaningful attorney involvement.

On May 19, 2020, the undersigned conducted a conference and ordered the parties to exchange discovery related to the meaningful involvement of the lawyers. Thereafter, on July 14, 2020, defendant's counsel sought leave of this Court to withdraw as counsel. The Court Ordered defendant's counsel to provide proof that the defendant was aware of and had consented to the attorney's withdrawal, which the defendant's counsel provided on July 30, 2020. (See ECF No. 32).

On August 4, 2020, this Court granted the motion to withdraw and gave defendant time to obtain new counsel. The Court set a status conference for September 21, 2020 but defendant failed to appear and no new counsel filed a Notice of Appearance. (See Minute Entry, dated 9/22/2021). On September 22, 2021, the Court issued an Order directing defendant to hire new counsel and warning that failure to obtain counsel "will result in a recommendation that a default enter against defendants." (ECF No. 33).

The following week, on September 28, 2020, the Court issued another Order, directing prior defense counsel to provide a copy of the Order to defendant and its principals and to submit contact information for the defendant on the docket. (See ECF No. 34). Counsel filed that information on the docket on September 29, 2020. (ECF No. 35).

On December 16, 2020, the Court Ordered the parties to file a status report in 30 days. Only plaintiff's counsel filed a report. (ECF No. 39). The report explained that no new counsel

---

[1] The Court notes that defendant Grossman & Karaszewski, LLC is a law firm, but as a limited liability corporation may only appear in federal court through counsel.

for defendant had appeared nor had defendant attempted to contact plaintiff's counsel. (Id.) In that letter, plaintiff requested the Court enter default against defendant for failure to show any interest in this case for five and a half months at that point. (Id.)

When defendant failed to respond to plaintiff's December 16, 2020 letter, this Court issued an Order on February 19, 2021, directing defendant to respond within fourteen (14) days to plaintiff's letter motion seeking entry of default. (ECF No. 40). The Court directed defendant to indicate if it intended to obtain counsel and pursue a defense of this action. (Id.) The Court further warned that if defendant failed to respond by March 5, 2021, the Court would "recommend that a default enter against the defendant." (Id.)

Defendant did not respond by March 5, 2021.

However, on March 26, 2021, an unsigned letter was submitted to the Court by William C. Grossman, Esq. and Darleen V. Karaszewski, Esq. requesting that the Court dismiss the action with prejudice "to prevent plaintiff's counsel from further wasting judicial time with meritless and prejudicial post judgment activity."[2] (ECF No. 41). In that letter, the two principals of the defendant wrote that Grossman & Karaszewski, PLLC "wound down more than two years ago, formally dissolved under New York Law and there are no funds to defend." (Id.)

On March 30, 2021, plaintiff responded to defendant's request to dismiss the case by noting that, *inter alia*, defendant has still not retained counsel in this matter, despite being provided numerous opportunities to do so. (Id.) Moreover, plaintiff noted that "from the very outset of this case," defendant's former counsel had advised the Court that defendant was

---

[2] As an initial matter, the Court notes that to the extent that the principals have characterized this as post-judgment activity, the characterization is incorrect as to the status of this case. At the time defendant failed to obtain new counsel, the parties were in the midst of discovery and no judgment has been entered in this case. Thus, the Court assumes that the letter is referring to the judgment dissolving the Firm.

3

"dissolved prior to the date on which this action was commenced," and that the counsel would likely seek to withdraw on those grounds.  (Id.)  However, despite those pronouncements, counsel did not immediately withdraw and instead participated in discovery and filed a motion for summary judgment.  (Id.)

Pending now before this Court is plaintiff's request that the Court enter default against defendant and the request by the former principals of defendant to dismiss the case with prejudice.   For the reasons set forth below, the Court respectfully recommends that a default enter against defendant.

DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure confers on courts the discretion to enter default judgment against a party for failure to "plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Here, the defendant has failed to appear for a court-ordered conference and failed to respond on several occasions to Orders issued by this Court, causing extensive delay and added expense on the part of plaintiff's counsel who has been required to submit status reports with no response or had to appear only to be told the conference could not proceed due to the defendants' absence.

Defendant, a limited liability corporation, has also failed to follow the Court's Order to obtain new counsel as a corporate defendant.  It is well settled in this Circuit that "a corporation cannot proceed pro se in federal court."  Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp., No. 13 CV 05558, 2014 WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014); see also Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam).

Accordingly, given defendant's failure to respond to several court Orders, including a failure to appear for a court-ordered conference, the numerous chances the Court has provided for defendant to obtain counsel, and the delay caused by defendant's untimely responses or lack of response altogether, the Court respectfully recommends that a default enter against defendant for failure to appear, and that plaintiff be authorized to file for default judgment.

Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F. 3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a  . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 11, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York